IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

| | |
|---|---|
| ADIN DOBKIN,<br>322 New York Ave, Apt 2B<br>Brooklyn, NY 11213<br><br>    Plaintiff,<br>v.<br><br>U.S. NATIONAL ARCHIVES AND<br>RECORDS ADMINISTRATION,<br>700 Pennsylvania Ave. NW<br>Washington, D.C. 20408,<br><br>    Defendant. | Case No.: 23-2395<br><br>**COMPLAINT FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF** |

## INTRODUCTION

1. Plaintiff Adin Dobkin ("Plaintiff" or "Dobkin") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, by Defendant U.S. National Archives and Records Administration (hereinafter "Defendant" or "NARA") in failing to issue a determination in response to a written request for records by Dobkin, by failing to conduct an adequate search for responsive records, and failing to provide Dobkin with all non-exempt records responsive to his April 2, 2023, FOIA Request submitted to this federal agency, which seeks copies of records related to former Secretary of the Interior Albert Bacon Fall. This lawsuit requests an order declaring that Defendant has violated FOIA and enjoining Defendant to issue a final determination and provide Plaintiff with the records it has requested.

1

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action, including the power "to enjoin [agencies] from withholding agency records and to order the production of any agency records improperly withheld from the complainant" pursuant to 5 U.S.C. § 552(a)(4)(B).

3. This Court also has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1361 (action to compel an officer of the United States to perform his duty).

4. Venue in this Court is proper under 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district.

5. Venue is also appropriate under 28 U.S.C. § 1391 because Defendant is an agency of the United States with offices located in Washington, D.C.

6. The Court has statutory authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has statutory authority to grant injunctive relief pursuant to 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B). The Court retains its full equitable powers to fashion and impose effective remedies for agency FOIA violations.

7. The Court has statutory authority to award costs and attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

8. All claims made in this Complaint are ripe for judicial review and all FOIA violations and harms alleged in this Complaint can be remedied by an order of this Court.

## PARTIES

9. Plaintiff, Adin Dobkin ("Dobkin"), is a member of the news media. Dobkin is a writer and journalist, whose published work has appeared in numerous publications, including but not limited to the New York Times Magazine, The Atlantic, the Paris Review, and the Los

Angeles Review of Books. Dobkin is also the author "Sprinting Through No Man's Land: Endurance, Tragedy, and Rebirth in the 1919 Tour de France." At all times relevant herein, Dobkin has been headquartered in Brooklyn, New York.

10. Defendant U.S. National Archives and Records Administration ("NARA") is department of the executive branch of the U.S. government headquartered in Washington, D.C., and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f). NARA has possession, custody, and control of the records that Plaintiff seeks and so is subject to FOIA pursuant to 5 U.S.C. § 552(f). Defendant is responsible for fulfilling Plaintiff's FOIA request.

11. As a representative of the news media, Plaintiff Dobkin has submitted, and continues to submit, public records requests to obtain information in support of his research and reporting and relies on such requests to convert raw materials into published works designed to inform the public on topics of interest. Plaintiff derives benefits from agency compliance with FOIA and receipt of public records. Plaintiff is directly and irreparably injured by Defendant's violations of law as described in this Complaint. Defendant's violations of law have denied Plaintiff the information to which he is entitled, thereby preventing Plaintiff from completing research required to inform a forthcoming publication. Defendant has further injured Plaintiff by the deprivation of government information to which Plaintiff is entitled by law.

## STATUTORY FRAMEWORK

12. FOIA's fundamental purpose is to ensure governmental transparency by establishing the public's right to access federal agency records and imposing firm deadlines for releasing records in response to FOIA requests. 5 U.S.C. §§ 552(a)(3)(A), (6)(A).

13. Upon receipt of a request, FOIA requires agencies to issue a "determination" within 20 workdays, absent unusual circumstances, and to make requested records "promptly

available" thereafter. 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A)(i), (a)(6)(B).

14. Failure to provide a timely determination in response to a FOIA request is a violation of FOIA.

15. FOIA also requires agencies to provide "an estimated date on which the agency will complete action on the request" for requests that require "longer than ten days to process." 5 U.S.C. § 552(a)(7).

16. FOIA requires federal agencies to conduct a search reasonably calculated to uncover all relevant documents. An agency must consider leads and other positive indications that suggest other records might be located outside the scope of its original search.

17. In limited circumstances, responsive records may be deemed exempt from FOIA's broad disclosure mandate, but only where the information fits within nine categories of statutory exemptions. 5 U.S.C. § 552(b). Exemptions are narrowly construed in light of FOIA's prevailing objective of disclosure.

18. Under FOIA, federal agencies bear the burden of proving that withholding of responsive records is proper. 5 U.S.C. § 552(a)(4)(B).

19. FOIA also requires an agency to make a showing of foreseeable harm that connects the information in withheld records to a harm recognized by the purposes of the specific Exemption. 5 U.S.C. § 552(a)(8)(A)(i)(I).

20. FOIA requires that agencies release reasonably segregable portions of requested records that are not lawfully exempt. 5 U.S.C. § 552(b)(9).

21. FOIA provides that when a requestor has not been provided with records within the statutory timeframe, the agency has constructively denied the request. Requestors are deemed to have exhausted any administrative remedies and may seek judicial redress from the Federal

District Court to enjoin the agency from withholding the records and order production of agency records improperly withheld. 5 U.S.C. § 552(a)(6)(C)(i). A FOIA requester may seek injunctive and declaratory relief from the court for an agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

22. Pursuant to FOIA, this court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

23. In addition to the enumerated statutory remedies, the Court retains all inherent and equitable powers to remedy an agency's failure to comply with FOIA's mandate that, with some exceptions, "upon any request for records [agencies] shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

## FACTUAL ALLEGATIONS

24. On April 2, 2023, Dobkin submitted a FOIA request to the NARA, stating

I request a copy of any documents on, about or mentioning any investigations made into ALBERT BACON FALL relating to Mr. Fall's alleged money transfer to Mexican nationals to launch raids into the United States. I have attached two documents from the FBI's internal files that speak to the launching of this investigation in the Fall of 1925, though I am interested in any files which might speak to this subject before or after this investigation took place. Mr. Fall was born on November 26, 1861, and died November 30, 1944. In response to a previous FOIA request with the FBI, they have informed me to reference file #73-HQ-7970, though as mentioned, if any additional relevant documents might be located, I would appreciate their inclusion.

25. In his April 2, 2023 FOIA request, Dobkin informed NARA that he qualified as a "Representatives of the Newsmedia" for purposes of determining the appropriate FOIA fee category, provided examples of his published work as a journalist, and explained that the request was part of a "newsgathering process for a forthcoming book and related news stories."

26. On April 3, 2023, NARA, through Jermaine Scott of NARA's Special Access and FOIA Program, confirmed receipt of Dobkin's FOIA request, assigning a tracking number of RD 77030 ("FOIA Request"), and informing Dobkin that NARA was "operating at significantly reduced staffing levels onsite and [FOIA responses were] taking longer than usual."

27. On April 20, 2023, NARA, through Susan Francis, NARA Archivist, provided an initial email response to Dobkin informing him that NARA had located 862 pages of responsive records, providing a general description such records, and an including an estimated fee to produce such records.

28. The April 20, 2023 email explained that NARA's tiered processing system for FOIA requests assigns request that involve 701 and 3,000 pages to NARA's second-tier processing queue and informed Dobkin that NARA was currently processing second-tier requests received in 2017.

29. The April 20, 2023 email estimated that, if Dobkin could narrow the request to less than 700 pages, it would take 39 months for the agency to complete processing.

30. On April 27, 2023, Dobkin responded to NARA and asked whether he could exclude specific responsive records in order to narrow the request.

31. On April 27, 2023, NARA responded confirming that Dobkin could exclude specific records and suggested certain responsive records that could be excluded because they are publicly available.

32. On April 27, 2023, Dobkin responded, confirming that NARA should restrict the request "to files numbered 73-HQ-7970 and 62-HQ-3088, which in total should bring [the total] to ~590 pages."

33. On May 4, 2023, Dobkin sent a follow up email, stating

> To reiterate, I would like to narrow the request to include the entirety of 73-HQ-7970 (approx. 65 pages re. pardon). I would also like to request specific portions of 62-HQ-3088. Specifically, Vol 1 (400 pages, 1/24-3/28) and Vol 2 (125 pages, 2/28-9/62). I would like to exclude Sub A Vol 1 Serial HQ-3088A, EBF Serial 48X, EBF Serial 87, EBF Serial 110 from this request.
>
> Given the above, and with it the request's movement into first-tier processing, could you please provide me with an updated estimate for the processing and reception of these documents?

34.     On May 29, 2023, Dobkin sent a second follow up email, asking that NARA confirm whether the agency had received his April 27, 2023 email request to narrow the FOIA request and his May 4, 2023 email clarifying the records he sought and asking for an updated "processing timeline" for the document.

35.     On June 2, 2023, NARA responded, stating "I thought I had included our current estimated processing time for first tier requests in my April 20th email reply to you. We are still at an estimated 39 months for completion. Your request is currently in our first tier queue."

36.     As of the date of the filing of this action, Plaintiff Dobkin has received no further correspondence from the NARA regarding the April 2, 2023, FOIA Request.

37.     As of the date of the filing of this action, Plaintiff Dobkin has not received any responsive records that are the subject of the April 2, 2023, FOIA Request.

38.     The filing of this lawsuit is required to compel NARA to timely provide access to all records responsive to Plaintiff's April 2, 2023, FOIA Request.

## CLAIMS FOR RELIEF

39.     Dobkin realleges and reincorporates by reference all allegations in all paragraphs of this Complaint.

40.     Dobkin properly requested records within the possession, custody, and control of Defendant NARA.

41. Defendant NARA is an "agency" subject to FOIA (5 U.S.C. § 552(a)), and therefore must make reasonable efforts to search for requested records. 5 U.S.C. § 552(f)(1).

42. Defendant NARA has violated FOIA by failing to provide Dobkin with all non-exempt responsive records and portions of responsive records for its April 24, 2022, FOIA Request.

43. By failing to provide Dobkin with all non-exempt responsive records and portions of responsive records to its April 2, 2023, FOIA Request as described above, Defendant NARA has denied Dobkin's right to this information as provided by the Freedom of Information Act.

44. Defendant NARA has violated FOIA by failing to perform an adequate search reasonably calculated to located all responsive records to Dobkin's April 2, 2023 FOIA Request.

45. By failing to perform an adequate search reasonably calculated to locate all responsive records to Dobkin's FOIA Request, Defendant NARA has denied Dobkin's right to this information as provided by the Freedom of Information Act.

46. Defendant NARA continues to violate FOIA and unlawfully withhold records by not making responsive records promptly available to Plaintiff. 5 U.S.C. § 552(a).

47. Defendant NARA continues to violate FOIA by failing to release segregable nonexempt portions of agency records. 5 U.S.C. § 552(a)(8)(A), (b).

48. Unless enjoined by this Court, Defendant NARA will continue to violate Dobkin's legal rights to be provided with copies of the records which it has requested in its FOIA Request described above.

49. Dobkin has been required to expend costs and obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants to prosecute this action.

50. Dobkin is entitled to reasonable costs of litigation, including attorney fees,

pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Dobkin, providing the following relief:

1. Declare Defendant NARA has violated FOIA by failing to provide Dobkin with all non-exempt records and portions of records responsive to his April 2, 2023, FOIA Request;

2. Declare Defendant NARA has violated FOIA by failing to complete an adequate search for records responsive to Dobkin's April 2, 2023, FOIA Request;

3. Direct by injunction that Defendant NARA perform an adequate search for records responsive to its FOIA Request and provide Dobkin with all non-exempt responsive records to Dobkin's April 2, 2023, FOIA Request;

4. Grant Dobkin's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 17th day of August, 2023.

            */s/Maya L. Kane*
            SOUTHWEST WATER
            AND PROPERTY LAW, LLC,
            D. D.C. Bar # CO00089
            10 Town Square, No. 422
            Durango, CO 81301
            (970) 946-5419
            mkane@swpropertylaw.com

            *Attorney for Plaintiff*